UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                         **REPORT, RECOMMENDATION
                                                   and ORDER**

v.

GERARDO BALLARDO,                                  15-CR-202(EAW)(JJM)

                        Defendant.
_____

   Defendant Gerardo Ballardo is charged along with a number of co-defendants in a

Second Superseding Indictment [47].[1] He is charged in 18 of the 23 counts, with conspiracy to

distribute heroin and cocaine, in violation of 21 U.S.C. §846, conspiracy to launder money, in

violation of 18 U.S.C. §1956(h), conspiracy to structure transactions, in violation of 18 U.S.C.

§371; and 15 counts of structuring transactions, in violation of 31 U.S.C. §§5324(a)(1) and

5324(d)(2) and 18 U.S.C. §2.  Before me are defendant's pretrial motion for joinder in co-

defendant Max Paul Riestra's pretrial motions [187] and the government's cross-motion for

reciprocal discovery.  Government's Response [196], pp. 3-4.  Oral argument was held on

December 8, 2017 [201].

   For the following reasons, I recommend that defendant's motion for joinder [187]

be denied to the extent he seeks to join in co-defendant Riestra's motions for suppression,[2] but

otherwise be granted, and I order that the pretrial motions in which he joins are denied and that

the government's cross-motion for reciprocal discovery is granted.

---

[1]  Bracketed references are to the CM/ECF docket entries.

[2]  Since I have denied defendant's motion to join in Riestra's suppression motions, I have addressed
this portion of the motion by Report and Recommendation.

# ANALYSIS

## A.     Defendant's Motion for Joinder

Defendant moves to join in the pretrial motions filed by Riestra without seeking any independent relief. The government responds that defendant's motion for joinder is "insufficient". Government's Response [196], p. 3.  It notes that defendant is charged in sixteen more counts than Riestra, and that "some items [of discovery] were unique to each defendant", leaving it "with no recourse but to guess as to the nature of defendant's motion in each instance". Id.  However, if the motion for joinder is granted, the government adopts its response to Riestra's pretrial motions [145]. Government's Response [196], p. 3.

Blanket-type joinder motions have been denied "as fatally vague in the absence of the movant's statement identifying each specific co-defendant motion he wished to join, as well as, his basis for standing and the specific factual and legal basis for joining in each motion." United States v. Svihel, 2016 WL 1212364, *6 (D. Minn.), adopted, 2016 WL 1222231 (D. Minn. 2016).  Defendant partially complies with these requirements by identifying the specific pretrial motions of Riestra in which he seeks to join, many of which are equally applicable to him and do not require a demonstration of standing.  Therefore, I will grant defendant's motion for joinder [187], except to the extent that he has failed to establish standing to join in Riestra's motion for suppression of evidence and statements.  Riestra's Pretrial Motion [139], pp. 15-18, ¶¶51-61.  I will consider Riestra's remaining pretrial motions [139] as if raised by defendant himself, and will treat the government's response to Riestra's pretrial motions [145] as being directed to defendant.

**B.      Pretrial Motions Joined by Defendant**

**1.      Bill of Particulars**

Fed. R. Crim. P. ("Rule") 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense". United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).[3] "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999). "[T]he burden is upon defendant[ ] to show that non-disclosure of the requested particulars would lead to prejudicial surprise at trial or would adversely affect defendant['s] rights". United States v. Duarte, 2014 WL 29366, *1 (W.D.N.Y. 2014).

Defendant seeks particularization of Counts 1 and 2 of the Second Superseding Indictment, alleging conspiracies to distribute controlled substances and to launder money. Riestra's Pretrial Motion [139], ¶¶1(a)-(n).   Defendant explains that "he requires the requested information to adequately prepare for trial".  Hernandez-M Declaration [187], ¶3.  Apart from that general recitation, defendant offers nothing further to satisfy his burden of establishing that non-disclosure of the requested particularization would lead to prejudicial surprise at trial or would adversely affect his rights.  See United States v. Pirk, __ F.Supp.3d__,2017 WL 4712713, *11 (W.D.N.Y. 2017) (Wolford, J.) (the "motion for a bill of particulars cited nothing but Rule 7(f), thus arguably falling woefully short of his burden to show that the information is necessary

---

[3]      Some courts have questioned the double jeopardy justification for granting particularization. *See, e.g.,* United States v. Payden, 613 F. Supp. 800, 816 n. 16 (S.D.N.Y. 1985).

to the preparation of his defense"); <u>United States v. Williams</u>, 88 F. Supp. 3d 117, 120 (N.D.N.Y. 2015) (denying request for a bill of particulars where the defendant "made no attempt to demonstrate need to prepare a defense or avoid surprise at trial"); <u>United States v. Lupoi</u>, 2014 WL 12681632, *3 (E.D.N.Y. 2014) ("[t]he defendant bears the burden of showing the information sought is necessary, and that he will be prejudiced without it. . . . The papers filed by Lupoi are woefully inadequate in this regard as they contain no analysis"). Therefore, this motion is denied.

### 2. Rule 16 Discovery

"Rights of discovery in criminal cases, unlike in civil cases, are severely circumscribed." <u>BCCI Holdings (Luxembourg), Societe Anonyme v. Pharaon</u>, 1995 WL 489426, *4 (S.D.N.Y. 1995). Apart from the government's <u>Brady</u>,[4] <u>Giglio</u>,[5] and Jencks Act (18 U.S.C. §3500) obligations, which are addressed separately, "Rule 16 is . . . the sole authorized vehicle under the Federal Rules of Criminal Procedure for pre-trial discovery in criminal cases". <u>United States v. Louis</u>, 2005 WL 180885, *2 (S.D.N.Y. 2005). Defendant moves pursuant to Rule 16 for various forms of discovery. Riestra's Pretrial Motion [139], pp. 6-15, ¶¶2-45.

Accepting the government's representation that the discovery produced to Riestra is not identical to the discovery produced to defendant (government's Response to defendant's motion for joinder [196], p. 3) and defendant having failed to identify any specific item of Rule 16 discovery that he believes is being withheld from him, this motion is denied.

---

[4]   <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

[5]   <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

**3.      Early Disclosure of Jencks Act Material**

Defendant moves for disclosure of Jencks Act material not less than 48 hours prior to trial.  Riestra's Pretrial Motion [139], p. 24, ¶10.  "Courts in this Circuit have consistently held that district courts lack the power to mandate early production of Jencks Act material."  United States v. Morgan, 690 F.Supp.2d 274, 286 (S.D.N.Y. 2010).  *See* United States v. Coppa, 267 F.3d 132, 145 (2d Cir. 2001) (the "Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements").  Therefore, defendant's motion is denied.  Nevertheless, the government represents that it will provide Jencks Act material two weeks prior to trial.  Government's Response to Riestra's Pretrial Motion [145], p. 13.

**4.      Giglio Material**

Defendant moves for disclosure of Giglio material.  Riestra's Pretrial Motion [139], pp. 18-24.  The government represents that it will provide Giglio material "prior to trial and no later than when [it] produces . . . the Jencks Act material".  Government's Response to Riestra's Pretrial Motion [145], p. 19.  Based upon that representation, this motion is denied.

**5.      Motion for Identification of Informants**

Defendant seeks disclosure of the identity of informants, explaining that "many of the informants . . . were participants in the criminality alleged", and that this information is necessary to attempt to interview them "[i]n order to prepare an adequate defense".  Riestra's Pretrial Motion [139],  pp. 25-26, ¶¶15-17.  In response, the government argues that defendant has not satisfied his burden of demonstrating a particularized need for the disclosure of any

informant's identity. Government's Response to Riestra's Pretrial Motion [145], pp. 20-21. It also argues that the defendant's burden is heightened because of the drug-related nature of the case and that safety concerns outweigh defendant's generalized claims of need. Id.

The government is not required to provide early disclosure of the identities of informants unless "an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause". Roviaro v. United States, 353 U.S. 53, 60–61 (1957). "The defendant bears the burden of showing the need for disclosure of an informant's identity . . . and to do so must establish that, absent such disclosure, he will be deprived of his right to a fair trial." United States v. Fields, 113 F.3d 313, 324 (2d Cir. 1997).

"The defendant is generally able to establish a right to disclosure where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." United States v. Saa, 859 F.2d 1067, 1073 (2d Cir. 1988). The informant's testimony must be "shown to be material to the defense". Id. Disclosure is not required if a defendant fails to show that "the testimony of the informant would . . . [be] of even marginal value to the defendant's case". Id. "Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead, the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity." Fields, 113 F.3d at 324.

Even if the informants were participants in the crimes charged, defendant has not demonstrated that the disclosure of their identities is material to determining his guilt or innocence. *Compare with* DiBlasio v. Keane, 932 F.2d 1038, 1043 (2d Cir. 1991) (disclosure

required where the defendant introduced evidence that, if credited, would establish an entrapment defense and where the informant was only witness who could corroborate that defense). Without more, the need for disclosure of the identity of the informants has not been established *See* <u>United States v. Boone</u>, 2003 WL 841088, \*6 (S.D.N.Y. 2003) ("[m]ere speculation . . . that the informer may possibly be of some assistance does not overcome the strong public interest in protecting informants"). Therefore, this motion is denied.

### 6. Leave to Make Additional Motions

Defendant reserves his right to file additional motions. Riestra's Pretrial Motion [139], p. 26, ¶18. This motion is denied, without prejudice to the possibility of additional motions in the future, upon a showing of good cause for why they were not timely asserted. *See* Rule 12(c)(3).

### B. Government's Cross-Motion for Reciprocal Discovery

The government cross-moves for the production of reciprocal discovery pursuant to Rule 16(b), including reports of examinations and tests. Government's Response [196], pp. 3-4. Additionally, it seeks a summary of any testimony that the defendant intends to use under Fed. R. Evid. 702, 703, or 705 at trial. <u>Id</u>., p. 4. Since defendant does not oppose this motion, it is granted.

### CONCLUSION

For these reasons, I recommend that defendant's motion joinder [187] be denied to the extent he seeks to join in co-defendant Riestra's motions for suppression, but otherwise be granted, and I order that the pretrial motions in which he joins are denied and that the

government's cross-motion for reciprocal discovery (government's Response [196], pp. 3-4) is granted.

Unless otherwise ordered by Judge Wolford, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by January 11, 2018. Any requests for extension of this deadline must be made to Judge Wolford. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or  identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: December 28, 2017

/s/ Jeremiah J. McCarthy
JEREMIAH J. McCARTHY
United States Magistrate Judge